**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**

**ANTHONY CAIN** — **PLAINTIFF**

**v.** — **CIVIL ACTION NO. 5:26CV-P149-CRS**

**CINDY WATHUM *et al.*** — **DEFENDANTS**

# MEMORANDUM

Plaintiff Anthony Cain filed the instant *pro se* prisoner action. The Court entered an Order directing him to either pay the $405 filing fee or file an application to proceed without prepayment of fees on the Court's approved form on or before September 3, 2026 (DN 7). The Order warned Plaintiff that failure to comply within the time allotted would result in dismissal of the case.

The deadline has passed, and Plaintiff has failed to comply with the Court's Order or to take any other action in this case. Upon filing the instant action, Plaintiff assumed the responsibility to actively litigate his claims. Federal Rule of Civil Procedure 41(b) permits the Court to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an

inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, the Court finds that Plaintiff's failure to comply with the Court's prior Order warrants dismissal for failure to prosecute under Fed. R. Civ. P. 41(b). Therefore, by separate Order, the Court will dismiss the instant action.

Date: September 15, 2026

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
4411.010